UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GINA A.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5789 RBL

ORDER AFFIRMING DENIAL OF BENEFITS

## I.     INTRODUCTION

This matter is before the Court on Plaintiff's Complaint (Dkt. 4) for review of the Commissioner of Social Security's denial of her application for supplemental security income ("SSI") benefits. This is the second time this matter has been before the Court. *See* Admin. Record ("AR") (Dkt. 8) at 557-73.

Plaintiff has severe impairments of inflammatory arthropathy, degenerative disc disease, obesity, affective disorder, anxiety disorder, attention deficit hyperactivity disorder ("ADHD"), and posttraumatic stress disorder ("PTSD"). *Id.* at 535. Plaintiff applied for SSI benefits on April 12, 2013, alleging disability as of that date.[1] *Id.* at 35-36, 169. Plaintiff's application was

---

[1] Plaintiff initially alleged a disability onset date of November 7, 1994. *Id.* at 169. Plaintiff later amended her alleged onset date to the date her application for benefits was filed. *Id.* at 35-36.

ORDER AFFIRMING DENIAL OF BENEFITS
- 1

denied on initial review and on reconsideration. *Id.* at 83-93, 95-105.

At Plaintiff's request, Administrative Law Judge ("ALJ") Kimberly Boyce held a hearing on Plaintiff's claims. *Id.* at 28-81. On April 9, 2015, ALJ Boyce issued a decision finding Plaintiff not disabled and denying her claim for benefits. *Id.* at 10-22. The Appeals Council denied review. *Id.* at 3-5. Plaintiff then sought review before this Court. *See id.* at 557-59.

On March 31, 2017, Magistrate Judge Karen L. Strombom issued a decision reversing and remanding the ALJ's decision for further administrative proceedings. *Id.* at 560-73. Magistrate Judge Strombom held that ALJ Boyce erred in evaluating the medical opinions of examining doctors Monica Pilarc, Ph.D., and Gene McConnachie, Ph.D. *Id.* at 563-66. Plaintiff also challenged the ALJ's evaluation of the medical opinions of John Haroian, Ph.D., but Magistrate Judge Strombom did not address this issue. *See id.* at 561. Magistrate Judge Strombom further held that ALJ Boyce erred in rejecting Plaintiff's subjective symptom testimony. *Id.* at 566-72.

On remand, ALJ Boyce held a second hearing. *Id.* at 1143-89. ALJ Boyce issued her second decision on July 25, 2018. *Id.* at 532-50. ALJ Boyce again found that Plaintiff was not disabled and denied her claim for benefits. *Id.* The Appeals Council did not assume jurisdiction, so the ALJ's decision became the Commissioner's final decision. *See* 20 C.F.R. § 416.1484(d).

Plaintiff argues that ALJ Boyce erred in evaluating (a) Plaintiff's subjective symptom testimony and (b) the medical opinion evidence. Pl. Op. Br. (Dkt. 11) at 1. Plaintiff asks the Court to remand this matter for further administrative proceedings. *Id.* at 18.

**II.    DISCUSSION**

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

A.     **The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Testimony**

Plaintiff contends the ALJ erred in rejecting her subjective symptom testimony. Pl. Op. Br. at 16-18. Plaintiff focuses her argument on the ALJ's analysis of her testimony regarding her mental symptoms, so the Court will do the same.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could have caused some degree of the symptoms; she does not have to show that the impairment could be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because her medically determinable impairments could have caused the symptoms she alleged. AR at 537.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting

*Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ found evidence of malingering here. AR at 545. In particular, ALJ Boyce noted that Plaintiff's responses to a psychological test administered by Dr. Pilarc "suggested a tendency to magnify [Plaintiff's] illness, and an inclination to complain." *Id.* Affirmative evidence of malingering—standing alone—can support an ALJ's rejection of the plaintiff's testimony. *See Schow v. Astrue*, 272 F. App'x 647, 651 (9th Cir. 2008) (The existence of "affirmative evidence suggesting malingering vitiates the clear and convincing standard of review") (internal quotation marks omitted). The ALJ continued on in her analysis, giving six other reasons for rejecting Plaintiff's symptom testimony. AR at 538-45. As discussed below, several of those reasons are valid, so the Court need not decide whether the ALJ could reject Plaintiff's testimony based solely on her alleged symptom magnification.

In addition to evidence of malingering, ALJ Boyce found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her mental impairments was "not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 537. The ALJ gave six reasons for this determination. First, Plaintiff's complaints were "out of proportion to the benign longitudinal mental findings" prior to Plaintiff's return to work. *Id.* at 540-41. Second, Plaintiff's testimony was inconsistent with her performance on psychological testing. *Id.* at 541-42. Third, the record indicated that Plaintiff's alleged mental impairments were, "at least in part, situational in nature, rather than due solely to her medically determinable

impairments." *Id.* at 542-43. Fourth, Plaintiff's testimony was contradicted by her daily activities. *Id.* at 543. Fifth, Plaintiff's testimony was contradicted by her work activity during the alleged disability period. *Id.* at 543-44. Sixth, Plaintiff's testimony was contradicted by the fact that she had returned to work despite no significant improvement in her condition. *Id.* at 544-45.

### 1. Inconsistency with Longitudinal Mental Findings

Plaintiff has failed to show that the ALJ harmfully erred in rejecting her testimony due to its inconsistency with the overall medical record, which showed benign mental status findings. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). ALJ Boyce provided a thorough discussion of the medical evidence and explained how she drew her conclusions from that evidence. *See* AR at 540-41. Plaintiff has not shown that ALJ Boyce's interpretation of the evidence was irrational, and thus has not shown that ALJ Boyce erred in rejecting Plaintiff's symptom testimony on this basis. *See Thomas*, 278 F.3d at 954.

### 2. Performance on Psychological Testing

ALJ Boyce erred in rejecting Plaintiff's symptom testimony as inconsistent with her performance on psychological testing. The ALJ's reasoning here involves too much interpretation of medical data, which is a task that must be left to the doctors. For example, ALJ Boyce attempted to draw conclusions from Plaintiff's responses to questions during Dr. McConnachie's mental status exam. *See* AR at 333, 541. But Dr. McConnachie, not ALJ Boyce, was the person qualified to interpret those responses. *See Moghadam v. Colvin*, No. C15-

ORDER AFFIRMING DENIAL OF BENEFITS
- 5

2009-TSZ-JPD, 2016 WL 7664487, at *6 (W.D. Wash. Dec. 21, 2016). "[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. . . . The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (internal citations omitted). ALJ Boyce thus erred in rejecting Plaintiff's symptom testimony based on her performance on psychological testing.

### 3. Situational Stressors

ALJ Boyce did not err in rejecting Plaintiff's symptom testimony on the basis that the severity of her symptoms was largely due to situational stressors. ALJ Boyce cited to ample evidence in the record indicating that Plaintiff's symptoms were situational in nature. *See* AR at 344, 349, 351-52, 442, 525, 542-43, 845, 849, 853, 857, 871, 884, 893. ALJ Boyce ALJ reasonably interpreted this evidence, and thus did not err in rejecting Plaintiff's testimony because her symptoms were largely situational. *See Thomas*, 278 F.3d at 954; *Brendan J.G. v. Comm'r, Soc. Sec. Admin.*, No. 6:17-cv-742-SI, 2019 WL 3090200, at *7 (D. Or. June 20, 2018).

### 4. Inconsistency with Daily Activities

ALJ Boyce also did not err in rejecting Plaintiff's symptom testimony for being inconsistent with Plaintiff's level of activity. An ALJ may discount a claimant's testimony if her daily activities "contradict [the claimant's] other testimony." *See Orn*, 495 F.3d at 639. ALJ Boyce noted that Plaintiff attended college courses and sang at three concerts despite claiming that she could not deal with people. AR at 543. Plaintiff had full custody of her twin teenage daughters, both of whom had behavioral problems, and helped care for her son, who suffers from schizophrenia and borderline personality disorder. *Id.* at 344, 442, 515, 543. ALJ Boyce reasonably determined that these facts were inconsistent with the severity of symptoms Plaintiff

alleged, and did not err in rejecting Plaintiff's testimony on this basis. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (upholding ALJ's rejection of plaintiff's symptom testimony where it was contradicted by her daily activities).

**5.    Inconsistency with Work Activity During the Alleged Disability Period**

ALJ Boyce similarly did not err in rejecting Plaintiff's symptom testimony based on her work activity during the alleged disability period. ALJ Boyce noted, in particular, that Plaintiff showed a poor work ethic and pattern of dishonesty while working part-time at jobs in connection with the Washington Department of Social and Health Services' Division of Vocational Rehabilitation ("DVR"). AR at 543-44, 742-44. An ALJ may look at the claimant's motivation and non-disability-related reasons for not working when evaluating the claimant's testimony. *See Thomas*, 278 F.3d at 959; *Franz v. Colvin*, 91 F. Supp. 1200, 1209 (D. Or. 2015). Plaintiff has not shown that ALJ Boyce's determination was an irrational interpretation of the evidence, and thus the ALJ did not err.

**6.    Inconsistency with Work Activity After the Alleged Disability Period**

ALJ Boyce did err, however, in rejecting Plaintiff's symptom testimony based on her work activity after the alleged disability period. ALJ Boyce reasoned that Plaintiff's medical situation had not changed or improved by the end of the alleged disability period, so the fact that she could work after that point undermined the argument that Plaintiff could not work during the alleged disability period. AR at 544-45. The problem here is that Plaintiff alleged her current employer provides accommodations for her conditions, and the ALJ did not address this issue. *See id*. ALJ Boyce's determination is thus not based on substantial evidence, and she erred in rejecting Plaintiff's testimony on this basis.

In sum, ALJ Boyce provided several clear and convincing reasons for rejecting Plaintiff's

symptom testimony, along with several erroneous reasons. The ALJ's erroneous reasons do not undermine the validity of ALJ Boyce's acceptable reasons, so her errors were "'inconsequential to the ultimate disability determination,'" *Molina*, 674 F.3d at 1115 (quoting *Carmickle*, 533 F.3d at 1162), and therefore harmless.

### B. The ALJ Did Not Harmfully Err in Evaluating the Medical Evidence

Plaintiff contends the ALJ erred in weighing the medical opinions of three examining doctors: Dr. Haroian, Dr. Pilarc, and Dr. McConnachie. Pl. Op. Br. (Dkt. 11) at 3-16. To reject the opinions of these examining doctors, ALJ Boyce needed to provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). The ALJ could satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

#### 1. The ALJ Did Not Harmfully Err in Rejecting Dr. Haroian's Opinions

Dr. Haroian examined Plaintiff on December 4, 2013. AR at 360-68. He conducted a clinical interview and mental status exam, and administered several psychological tests. *Id.* Dr. Haroian opined that Plaintiff had moderate social and cognitive limitations in a number of areas. *Id.* at 362. Dr. Haroian opined that Plaintiff had marked limitations in her ability to (a) "[m]aintain appropriate behavior in a work setting," and (b) "[c]omplete a normal work day and work week without interruptions from psychologically based symptoms." *Id.*

ALJ Boyce gave Dr. Haroian's opinions little weight. *Id.* at 545-46. ALJ Boyce adopted the reasons she had given for discounting Dr. Haroian's opinions in her first decision, noting that Magistrate Judge Strombom had not disturbed those reasons. *Id.* Those reasons were that Dr.

Haroian's opinions were not adequately explained, were inconsistent with Plaintiff's performance at Dr. Haroian's examination, and were too heavily based on Plaintiff's self-reports. *See id.* at 19-20. ALJ Boyce added that Dr. Haroian's opinions were inconsistent with the overall medical evidence, Plaintiff's performance on psychological testing, and Plaintiff's activities during the alleged disability period. *Id.* at 546.

Plaintiff has failed to show that the ALJ harmfully erred in rejecting Dr. Haroian's opinions. *See Molina*, 674 F.3d at 1111. As discussed above, ALJ Boyce reasonably analyzed the medical evidence and concluded that Plaintiff's overall benign mental status findings were inconsistent with the severity of symptoms she alleged. *See supra* Part II.A.1. That reasoning is equally applicable here, and the ALJ justifiably concluded that Plaintiff's overall treatment record contradicted Dr. Haroian's opinions. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that a treating physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record).

Similarly, the ALJ reasonably concluded that Plaintiff's daily activities and work during the alleged disability period contradicted the severity of symptoms she alleged, and the same analysis applies to Dr. Haroian's opinions. *See supra* Part II.A.4-5. A material inconsistency between a doctor's opinion and a claimant's activities is a specific, legitimate reason for rejecting the doctor's opinion. *See Rollins*, 261 F.3d at 856; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

These reasons sufficiently support ALJ Boyce's rejection of Dr. Haroian's opinions. Whether ALJ Boyce committed error with respect to the other reasons she gave for rejecting Dr. Haroian's opinions is inconsequential to the outcome. *See Molina*, 674 F.3d at 1115. Accordingly, ALJ Boyce did not harmfully err in rejecting Dr. Haroian's opinions.

## 2. The ALJ Did Not Harmfully Err in Rejecting Dr. Pilarc's Opinions

Dr. Pilarc examined Plaintiff on August 3, 2012, at the request of DVR. AR at 296-301. Dr. Pilarc conducted a clinical interview and administered several psychological tests. *Id.* Based on her examination, Dr. Pilarc opined that Plaintiff had "essentially average range intellectual abilities, with relative weakness in working memory and visuospatial reasoning." *Id.* at 301. Dr. Pilarc further opined that Plaintiff may struggle to deal with workplace stressors. *Id.*

ALJ Boyce gave Dr. Pilarc's opinions little weight. *Id.* at 546. ALJ Boyce reasoned that Dr. Pilarc's opinions were (a) inconsistent with Plaintiff's stipulation that she was not disabled prior to April 12, 2013, (b) inconsistent with Plaintiff's receipt of unemployment benefits at the time of Dr. Pilarc's examination, (c) inconsistent with Plaintiff's benign mental status findings and performance on testing, and (d) too heavily based on Plaintiff's own self-reports, which the ALJ had already found unreliable. *Id.*

Much like ALJ Boyce's analysis of Dr. Haroian's opinions, Plaintiff has failed to show harmful error. *See Molina*, 674 F.3d at 1111. ALJ Boyce reasonably concluded that Plaintiff's overall medical records, which showed benign mental status findings, were inconsistent with the severity of symptoms she alleged. *See supra* Part II.A.1. This reason alone was adequate justification for ALJ Boyce to reject Dr. Pilarc's opinions. *See Batson*, 359 F.3d at 1195. The ALJ's remaining reasons, whether erroneous or not, are ultimately inconsequential to the outcome here. *See Molina*, 674 F.3d at 1115. ALJ Boyce therefore did not harmfully err in rejecting Dr. Pilarc's opinions.

## 3. The ALJ Did Not Harmfully Err in Rejecting Dr. McConnachie's Opinions

Dr. McConnachie examined Plaintiff on July 25, 2013. AR at 330-35. He reviewed Dr. Pilarc's report and two notes from 2012 and 2013 from another doctor. *Id.* at 331. Dr.

McConnachie conducted a clinical interview and mental status exam. *Id.* at 330-34. Dr. McConnachie diagnosed Plaintiff with bipolar disorder. *Id.* at 334. He opined that Plaintiff "appears to be functioning quite effectively between her depressive and manic phases but not during the periods of major depression or mania." *Id.* at 335. Dr. McConnachie noted that Plaintiff was "very capable" of reasoning, concentrating, and recalling old and new information. *Id.* He opined that Plaintiff had "good social interactional skills." *Id.* But "this is all when she is reportedly between the extremes of [Plaintiff's] bipolar mood cycle. Maintaining these abilities during those extremes will be near impossible and lead to job problems." *Id.*

ALJ Boyce gave Dr. McConnachie's opinions little weight. *Id.* at 546. ALJ Boyce reasoned that (a) Dr. McConnachie did not have the full medical picture because he only reviewed a few records, (b) Dr. McConnachie's opinions were contradicted by the longitudinal medical record, (c) Dr. McConnachie's observations and test results did not adequately support his opinions, (d) Dr. McConnachie based his opinions too heavily on Plaintiff's self-reports, and (e) Dr. McConnachie's opinions were inconsistent with Plaintiff's return to work. *Id.* at 546-47.

Once again, the ALJ did not harmfully err in rejecting Dr. McConnachie's opinions. ALJ Boyce reasonably concluded that Dr. McConnachie's opinions were contradicted by Plaintiff's overall medical records, just as ALJ Boyce did with Dr. Haroian and Dr. Pilarc's opinions. *See supra* Part II.B.1-2. This was a specific and legitimate reason to reject Dr. McConnachie's opinions. *See Batson*, 359 F.3d at 1195. The ALJ's remaining reasons do not affect the legitimacy of this reason, and are thus inconsequential to the outcome here. *See Molina*, 674 F.3d at 1115. ALJ Boyce therefore did not harmfully err in rejecting Dr. McConnachie's opinions.

//

### III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 6th day of June, 2019.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge